UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **MARITZA HEREZIA,**<br>Plaintiff,<br><br>v<br><br>**BLUESTEM BRANDS, INC. d/b/a FINGERHUT**<br>Defendant. | )<br>)<br>)<br>)  **C. A. No.:**<br>)<br>)<br>)  **COMPLAINT AND DEMAND FOR**<br>)  **JURY TRIAL**<br>)<br>)<br>) |

## COMPLAINT

**MARITZA HEREZIA** (Plaintiff), by and through her attorneys, **CITADEL CONSUMER LITIGATION, P.C.**, alleges the following against **BLUESTEM BRANDS, INC.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Rhode Island and because the occurrences from which

Plaintiff's cause of action arises took place, and caused Plaintiff to suffer injury, in the State of Rhode Island.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Woonsocket, Rhode Island.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around April of 2015 and continuing through in or around August of 2015, Defendant repeatedly called Plaintiff on her cellular telephone.

13. Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay with no caller on the line before being connected with Defendant's live representatives.

15. Plaintiff knew the calls were coming from Defendant because the persons and/or recordings on the line stated the company's name.

16. Shortly after calls started, Plaintiff told Defendant to stop calling, but Defendant ignored her and continued to call.

17. In or around June of 2015, Plaintiff complained to Defendant that its calls were harassing, putting them on notice that she did not welcome their calls and wanted them to stop, yet again Defendant kept calling.

18. In July 2015, Plaintiff tried to end the calls again, telling Defendant to stop calling her.

19. Defendant heard and acknowledged Plaintiff's instruction to stop calling.

20. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

21. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff up to two (2) to three (3) times per week through to August of 2015.

22. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has

the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendant initiated repeated calls to Plaintiff's cellular telephone.

26. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

28. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

29. Defendant's conduct violated the TCPA by placing repeated calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

30. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed there under, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

31. Defendant's calls to Plaintiff after it was told calls were harassing and/or after it was told to stop calling were made even though Defendant knew or should have known it did not have consent to call and that any consent it may have thought it had had been revoked.

32. When Defendant called Plaintiff from around April 2015, through around August 2015, it knew it was placing calls to a cellular telephone.

33. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

34.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARITZA HEREZIA, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARITZA HEREZIA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

*/s/ John T. Longo*
John T. Longo, Esquire
Citadel Consumer Litigation, P.C.
996 Smith Street, Suite 101
Providence, RI 02908
(401) 383-7550 – direct dial
(401) 537-9185 – facsimile
jtlongo@citadelpc.com

Citadel #: LC 4739